NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 1 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREAT AMERICAN E & S INSURANCE COMPANY, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> THEOS MEDICAL SYSTEMS, INC., <br><br> Defendant-Appellant, <br><br> SAKET BHATIA, <br><br> Counter-claimant-Appellant. | No.   19-15351 <br><br> D.C. No. 5:17-cv-05660-LHK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted March 25, 2020**
San Francisco, California

Before:  GOULD, CHRISTEN, and BRESS, Circuit Judges.

Theos Medical Systems, Inc. and Saket Bhatia (collectively, "Theos") appeal

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the district court's order granting summary judgment to Great American E&S Insurance Company on (1) Great American's request for declaratory judgment that it had no duty to defend or indemnify Theos in a civil contempt proceeding; and (2) Theos' counterclaim for breach of the implied covenant of good faith and fair dealing. We assume the parties' familiarity with the facts and procedural history. We have jurisdiction under 28 U.S.C. § 1291 and now affirm.

The parties agree that California law applies to this insurance coverage action. Under California law, "[a] liability insurer owes a broad duty to defend its insured against claims that create a potential for indemnity." *Montrose Chem. Corp. v. Superior Court*, 861 P.2d 1153, 1157 (Cal. 1993) (quotations omitted). But the duty to defend "is not unlimited." *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 628 (Cal. 1995). "[W]here there is no possibility of coverage, there is no duty to defend . . . ." *Id.* at 627 (quotations omitted). This court "review[s] the district court's grant or denial of summary judgment" and "its interpretation of state law and the insurance policies de novo." *Westport Ins. Corp. v. Cal. Cas. Mgmt. Co.*, 916 F.3d 769, 773 (9th Cir. 2019).

Consistent with precedent, the district court appropriately analyzed the policies' coverage provisions before turning to their exclusions. *See, e.g., Sony Comput. Entm't Am. Inc. v. Am. Home Assurance Co.*, 532 F.3d 1007, 1017 (9th Cir. 2008). We may affirm on any ground, *Stevens v. Jiffy Lube Int'l, Inc.*, 911 F.3d

2

1249, 1252 (9th Cir. 2018), and agree with the district court that the exclusions clearly apply to the civil contempt proceeding, such that Great American had no duty to defend or indemnify Theos in that proceeding.

As relevant here, the policies exclude from coverage any "suit" that alleges claims "arising out of" any "violation . . . of any intellectual property right" or any "violation of any statutes, common law, or other laws or regulations concerning unfair competition." Under the policies, a "suit" is defined as "a civil proceeding" in which specified damages are alleged. The parties do not dispute that the underlying action in which the civil contempt proceeding arose (the so-called *Malem* Action) constitutes a "suit" that alleges claims for intellectual property infringement and unfair competition. Accordingly, the *Malem* Action is excluded from coverage.

It follows that the contempt proceeding, which arose in the *Malem* Action, is excluded as well. Courts have long held that contempt proceedings are considered part of the suit in which they arise. *See, e.g.*, *Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 452 (1932) ("The question of the relation of such a [civil contempt] proceeding to the main suit was fully considered in the case of *Gompers v. Buck['s] Stove & Range [Co.]*, 221 U.S. 418 [(1911)], and it was determined that the proceeding was not to be regarded as an independent one, but as a part of the original cause."); *Donovan v. Sureway Cleaners*, 656 F.2d 1368, 1373 (9th Cir.

1981) ("[T]he filing of a civil contempt petition is not the commencement of an independent cause of action . . . but rather is a part of the original cause of action."); *see also Ahearn ex rel. NLRB v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1131 (9th Cir. 2013).

Theos argues that the policies' intellectual property and unfair competition exclusions violate public policy under California law. This argument lacks merit because California courts have regularly applied exclusions for various intellectual property claims. *See, e.g.*, *S.B.C.C., Inc. v. St. Paul Fire & Marine Ins. Co.*, 112 Cal. Rptr. 3d 40, 51 (Cal. Ct. App. 2010); *Aloha Pac., Inc. v. Cal. Ins. Guar. Ass'n*, 93 Cal. Rptr. 2d 148, 164–65 (Cal. Ct. App. 2000); *Indus. Indem. Co. v. Apple Comput., Inc.*, 95 Cal. Rptr. 2d 528, 538 (Cal. Ct. App. 1999).

Because Theos was not entitled to coverage, the district court also correctly granted Great American summary judgment on Theos' counterclaim for breach of the covenant of good faith and fair dealing. *See, e.g.*, *Benavides v. State Farm Gen. Ins. Co.*, 39 Cal. Rptr. 3d 650, 656 (Cal. Ct. App. 2006).[1]

**AFFIRMED.**

---

[1] Theos' motion to strike Great American's supplemental excerpts of record is denied. *See* 9th Cir. R. 30-1.5.